Burton, J.,
delivered the following dissenting opinion :
I do not concur in the opinion of the majority of the court, that this is a case for a rescission of the contract.
I agree that the contract is executory, but I do *209 not think that there is any evidence of fraud in the transaction.
The vendor, Davis, so far as the record goes, made no representations whatever about his title to the land -y nor is there any evidence that he had any knowledge of any defect in his title which he suppressed and withheld from Topp.
The case of Wood v. North does not, as I understand it, sustain the position for which it is cited. It. was properly held that when an executor offers property for sale at public auction, it may well be said that the mere offer amounts to a . .r.ive representation that the will of his testator confers upon him the power to sell. And as to third persons, it amounts-to a misrepresentation if it be not so. But men are often honestly mistaken as to the validity of their ti-' ties, — a fact so fully recognized that the habit of taking covenants of Avar ran ty to cover unknown defects-of title is almost universal.
My opinion of the facts of this ease is, that Mr. Davis’s defects of title as to the land were- unknown to him, or at least are not shown to have been known. And, in the absence of fraud, I take the law to be that if a party sued for recision can, at any time before the hearing, give a good title, the purchaser should be required to take it; and such I think are the facts in this case. I agree with the majority of the court in the result of the opinion so far as the slaves are concerned; that the notes of Topp-should be abated by the value .of. the slaves that Davis -had no title to.